UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619 (AWT) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| TROOPER PERRY WILSON, *et al.,* | : | |
| *defendants.* | : | NOVEMBER 20, 2003 |

## MOTION TO COMPEL
## COOPERATION IN DISCOVERY

Pursuant to the provisions of Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure,

the defendants respectfully request that this court order the plaintiff to cooperate in discovery by

responding to their interrogatories and requests for production dated March 12, 2003, or to suffer

the dismissal of this lawsuit.  In support of this motion, the defendants represents as follows:

1. On March 12, 2003, counsel for the defendants propounded a set of interrogatories

and requests for production to the plaintiff.  *See* Tab A attached.

2. On May 20, 2003, during the course of the plaintiff's deposition, counsel for the

defendants noted that the plaintiff had not yet responded to these interrogatories and requests for

production.  Counsel for the plaintiff replied that they were in the process of responding to them,

and would have the required answers for us shortly.  *See* Deposition Transcript of Philip Zoppi,

pp. 92-93 attached at Tab B.

3. On May 20, 2003, counsel for the defendants sent a letter to the plaintiff's counsel

asking that the responses to the overdue interrogatories and requests for production be provided

within five days or, in the alternative, that counsel for the plaintiff contact counsel for the

defendant for the purposes of discussing an agreeable enlargement of time in which to provide

said responses. *See* Tab C attached. Counsel for the defendant neither provided the responses nor did he telephone to discuss an agreeable enlargement of time in which to provide the already overdue responses.

4. To date, counsel for the defendants has received no reply to his correspondence, nor has the plaintiff provided the requested responses to the pending interrogatories and requests for production.

5. The information requested through the outstanding interrogatories and requests for production is crucial to the defendants' ability to prepare their case and to present an effective defense against the plaintiffs' allegations of wrongdoing on their part. Absent the requested information, the defendants' ability to investigate the allegations of wrongdoing proffered, to cross-examine the plaintiff, and to present appropriate witnesses during the course of the trial will be severely prejudiced.

WHEREFORE, the defendants requests that the plaintiffs be ordered to immediately comply with the rules of discovery by responding to their interrogatories and requests for production within ten days of the date of this motion or suffer the dismissal of this lawsuit with prejudice. In addition, the defendant requests that his expenses in the making of this motion, including reasonable attorney's fees, be allowed in accordance with Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure in the amount of $310.40 in accordance with the Bill of Costs and Request for Attorney's Fees attached hereto at Tab D. Counsel's affidavit and certification of good faith as required by Local Rules for the District of Connecticut, Rule 37(a)(2) is attached to this motion at Tab E.

2

DEFENDANTS
Robert Brennan and Perry Wilson

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105
Tel. (860) 808-5450
Federal Bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us


## **CERTIFICATION**

I hereby certify that a copy of the foregoing has been mailed, first-class, postage prepaid, to the following on this the _____ day of _____, 2003

Philip Russell, Esq.
71 Lewis Street
Greenwich, Connecticut 06830

_____
Stephen R. Sarnoski
Assistant Attorney General

A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP ZOPPI,                         :        NO. 3:02CV-1619 (AWT)
    *plaintiff,*                      :
                            :
           V.                             :
                            :
TROOPER PERRY WILSON, *et al.,*       :
    *defendants.*                    :        MARCH 12, 2003

## DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE PLAINTIFF

Pursuant to the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, the defendants hereby requests the plaintiff, to respond to the following interrogatories within thirty days of the commencement of discovery in this lawsuit, or within thirty days of the date of certification hereof, whichever is later, and to produce for inspection and/or copying such documents as may be hereinafter requested

## INSTRUCTIONS AND DEFINITIONS

1. These interrogatories and requests for production shall be deemed to be continuing in nature. Amended answers are required, to the date of the trial, if any, as supplemental or additional information is discovered.

2. If no one person is competent to answer all the interrogatories and/or requests for production, the responses should be separately answered, under oath, by as many agents of the plaintiff as might be necessary.

3. If a claim of privilege is asserted concerning any information or documents sought herein:

a. Identify such information or document with sufficient particularity to allow the matter to be brought before the Court;

b. State the nature of the privilege asserted; and

c. State the factual or legal basis for the claim of privilege.

4. If a particular interrogatory or request for production cannot be answered or fulfilled in its entirety after exercising due diligence to secure the information or documentation requested, so state and answer it to the extent possible. Specify the basis for the inability to answer the remainder of the interrogatory and provide whatever information, knowledge or documentation that you have concerning the unanswered portion.

5. If, in the exercise of due diligence, the claimant cannot furnish the exact information requested, he should supply estimated information to the extent possible. When estimated information is used, it should be so indicated. An explanation should be furnished as to the basis on which the estimate was made and the reason(s) why the exact information requested cannot be provided.

6. As used herein, the term "you" means you, yourself, the person to whom these interrogatories and requests for production are addressed or any of your agents, partners, associates or any employees, employers or organizations of which you are a member or an employee, or other person acting on your behalf.

7. Use of the term "identify" with reference to an individual person, means to state his full name, his business and home addresses and telephone numbers, his present position and business affiliation or employment, if any, his date of birth, and his social security number.

2

8. Use of the term "identify" with reference to a communication means to state the date of the communication; the mode of the communication; if by telephone, the place where such communication originated and terminated; the identities of the maker(s) and the receiver(s) of the communication and the subject matter discussed.

9. As used herein, the term "identify" or "identification" with reference to a document means to state the date of its creation, its author, the addressee or intended recipient(s) of the document, and the present or last known location and the name, business and home address, and telephone numbers of the person(s) having control or custody of such document or a copy thereof. If any such document was, but is no longer in your possession or subject to your control, state the disposition made of it, the reason for such disposition and the date thereof, its present location and the name, business and home address and telephone number of the person(s) having control or custody of such document, with sufficient particularity to enable to defendants to request its production.

10. As used herein, the term "statement" means; (a) a written statement in the handwriting of the person making it, or one which is signed, or initialed, or otherwise in writing adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and which is contemporaneously recorded.

11. As used herein, the term "document" means the original as well as any copy, regardless of origin or location, of any typewritten, handwritten, printed or recorded material including, but not limited to, any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, note, draft, chart, paper, graph, index, tape, disc, data sheet, diary, calendar

3

or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, to which you have or have had access or control.

12. A document is deemed to be in your "control" if you have the right or the ability to secure the document or a copy thereof from another person or public or private entity having actual possession thereof.

13. Wherever it may be used herein, the masculine shall be deemed to include the neuter or feminine gender and vice versa, unless the context expressly indicates otherwise; the singular shall be deemed to include the plural and vice versa; the present tense shall include the past tense and vice versa; and the word "or" wherever it may be used shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories and requests for production any information which might otherwise be looked upon as outside their scope.

14. If there is insufficient space following any particular interrogatory in which to completely and truthfully provide all of the information requested, attach additional sheets of plain paper upon which your answer to such an interrogatory may be given, and note the phrase "see attached sheets" in the space provided for said interrogatory.

15. To the extent that any of these interrogatories may be fully and completely answered by attaching copies of documents, you may attach such documents in lieu of making a narrative response, but must specifically identify which document, and which page or portion of such document is responsive to which interrogatory.

**INTERROGATORIES:**

1. Identify the person(s) answering these interrogatories. See Instructions and Definitions, paragraph #7.

**ANSWER:**

2. Identify every person presently known to you who either witnessed the incident(s) which is (are) the subject of your Complaint or who possesses personal knowledge of such events which may be relevant to any of the issues raised in the Complaint, or who may be called as a witness at trial. See Instructions and Definitions, paragraph #7.

**ANSWER:**

3. If you or any individual named in response to Interrogatory No. 2, has given any statement regarding the subject matter of this case or concerning the actions of any party or witness thereto, state the name of the person who gave such statement, the person to whom it was given, the circumstances under which the statement was given, the manner in which it was

recorded, and each person or entity who presently has a copy of such statement.  See Instructions and Definitions, paragraphs #3 and #10.

**ANSWER:**

4.  Identify each person whom you expect to call as an expert witness at trial concerning the incident(s) alleged in your Complaint, and for each such expert witness provide the subject matter upon which he/she is expected to testify and the substance of the opinions to be rendered.. See Instructions and Definitions, paragraph #7.

**ANSWER:**

5.  If you, your attorney, or any other representative has any photographs, drawings, charts, diagrams, maps, models or other tangible evidence prepared or obtained by parties, witnesses or experts expected to testify in this case concerning any of the events alleged in your Complaint, describe each such item and identify any person(s) who have custody or control of

6

any of the materials referred to above, specifically describing which of the materials each such person possesses.

**ANSWER:**

6. If you claim to have suffered any injury as a result of the incident which is the subject of this lawsuit, please state or identify: The precise nature of each such injury; whom it is that you claim caused such injury to you; each hospital, clinic, physician, psychiatrist, psychologist, nurse or other medical practitioner from whom you received examination or treatment for the injury or injuries identified above; and the date upon which such examination or treatment was received. See Instructions and Definitions, paragraph #15.

**ANSWER:**

7

7. If you claim that you are not fully recovered from the injuries alleged in your Complaint, state in detail the nature of the injuries, conditions and/or disabilities from which you are presently suffering.

**ANSWER:**

8. Identify any physician, psychiatrist, psychologist, or other health care provider who has rendered an opinion respecting the nature and extent of the disability claimed by you, if any. See Instructions and Definitions, paragraphs #7 and #15.

**ANSWER:**

9. If you have ever experienced any previous physical injury, disease, disability, defect, psychiatric or psychological condition, or other medical condition involving any of the body parts identified in response to interrogatory no. 6 above, for each such physical injury, disease, disability, defect, psychiatric or psychological condition, or other medical condition state: When it was first incurred or diagnosed; when, where and from whom you received treatment; and

8

whether you claim that the incident alleged in your Complaint aggravated or otherwise adversely affected it in any way.

**ANSWER:**

10. Identify each item of expense which you claim to have incurred as a result of the incident(s) alleged in your Complaint, the amount thereof, and the name and address of the person(s) or organization(s) to whom such items of expense was paid or is payable.

**ANSWER:**

11. If any of the losses suffered as a result of the incident(s) complained of in your Complaint are or may be insured, for each such insured loss: Identify the insurance company which you believe is or may be liable to you for such loss; and provide the applicable policy number.

**ANSWER:**

12. State whether you have filed any insurance claim or notice of loss concerning property loss or personal injury incurred as a result of the incident which is the subject of your Complaint, and identify the agent or insurer to which such loss was reported.

**ANSWER:**

13. If you claim that as a result of the incident alleged in your Complaint you were prevented from following your usual occupation, or otherwise lost time from work, and, if so, state: The name, address and telephone number of your employer on the date alleged in the Complaint; the nature of your occupation; a precise description of your job responsibilities with said employer; your average, weekly earnings, salary, or income received from said employment as of the date of your injury, the date upon which you returned to work: and, if you did not return to work, the precise reason you failed to do so.

**ANSWER:**

10

14. State whether you are claiming as an item of damage in this lawsuit loss of future earning capacity. If so, describe in what manner your future earning capacity has been adversely affected by the incident(s) which are the subject of your Complaint.

**ANSWER:**

**NOTE:** For the purposes of answering Interrogatories No. 15, a "crime" is defined as any offense in violation of the statutes or laws of any state, territory, or the federal government, whether characterized as a felony, misdemeanor or otherwise, the authorized punishment for violation of which includes a period of confinement or imprisonment of one year and/or a fine of $1000.00 or more, including the offenses of perjury, and the giving of a false official statement regardless of the penalty attached thereto.

15. If you have ever been convicted of a crime, give the exact title and statutory citation for each such crime, identify the court in which you were convicted, state the date upon which you were convicted, and give the docket number(s) of the case(s).

**ANSWER:**

11

**NOTE:**  For the purpose of answering Interrogatory No. 16, the term "intoxicating" refers to those beverages or other substances which, following their ingestion, are known or commonly understood to be likely to render a person unable to exercise the normal use of his physical or mental faculties to any degree, or to otherwise alter a persons' consciousness or normal state of mind.

16.  If you ingested any prescription drug, over-the-counter medication, intoxicating beverage or other intoxicating substance during the twenty-four hour period immediately preceding the incident(s) alleged in the Complaint, including but not limited to alcoholic beverages and/or legal or illicit drugs, prescription or otherwise, such as marijuana, hashish, cocaine, "crack" cocaine, LSD, morphine, heroin, amphetamines or barbiturates, state in detail: The name and description of the substance ingested; the exact time the substance was ingested; and the quantity or dosage of the substance ingested.

**ANSWER:**

17.    If you claim that you now harbor an unreasonable fear or apprehension of police officers as a result of the encounter which is the subject of this lawsuit, state each and every other occasion upon which you were arrested during the ten (10) year period preceding the date of these interrogatories, providing: (1) the date upon which you were arrested, (2) the agency

12

which arrested you, (3) the offense(s) with which you were charged, and (4) the disposition of each such offense charged.

**ANSWER:**


18. If you claim that any offense for which you were arrested as a result of the incident which is the subject of this lawsuit was nolled or dismissed, state whether you were required to agree to make a charitable donation, make restitution to a victim, perform volunteer service of any kind, undergo a period of probation, seek counseling, or complete a course of training or education, whether formal or otherwise, in return for the favorable disposition of the charges against you. If your answer is affirmative, describe the precise nature of the agreement made and whether or not you have satisfactorily completed your part of the agreement.

**ANSWER:**


19. State the nature of the charges upon which you were arrested during the incident which is the subject of your complaint, and provide the court, docket number and disposition of said charges.

**ANSWER:**


20. State whether you were counseled or disciplined in any way by your supervisor as a result of the "dispute" referred to in Paragraph 8 of your complaint. If your response is

affirmative, identify by whom you were counseled, when such counseling occurred, the

substance of the counseling or discipline imposed and whether such counseling or discipline was

written or oral.

**ANSWER:**


21.  Describe in detail the date, place and nature of the "dispute" referred to in Paragraph

8 of your complaint.

**ANSWER:**


22.  State whether you, at any time, refused to sign the appearance bond form authorizing

your release on a $500 surety bond.  If your answer is affirmative, state when you refused to sign

said form, and explain why you refused to sign the appearance bond form at that time.

**ANSWER:**


23.  State the exact or approximate time when you, in fact, signed the appearance bond

form authorizing your release on a $500 surety bond.

**ANSWER:**

14

24. Identify the individual who stated "Hey, we need some sand on I-95, can you handle that?" as alleged in Paragraph 19 of the complaint.

**ANSWER:**


25. Identify the individual who asked the plaintiff, "Do you want to sign the property receipt now?" as alleged in Paragraph 20 of the complaint, and to whom the plaintiff replied, "I told you I'd sign it an hour ago. I just want to go home." As alleged in Paragraph 21 of the complaint.

**ANSWER:**

15

## B. REQUESTS FOR PRODUCTION:

The defendant(s) requests the plaintiff to produce, or make available for inspection and copying, the following:

1. Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Complaint, or other preexisting injuries identified in response to these interrogatories, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses relating to any answer to any of these interrogatories.

**RESPONSE**:


2. If medical, psychiatric, or psychological injuries and/or treatment of any sort are claimed, provide a suitable release (see attached) enabling the defendant's attorney or his designated representative to inspect and/or obtain copies of any records which may exist.

**RESPONSE**:


3. A copy of any insurance policy, indemnification agreement or claim application identified in your answers to any of the above Interrogatories.

**RESPONSE**:

16

4. A copy of each non-privileged statement identified in response to Interrogatory No. 3 above.

**RESPONSE**:

5. If lost wages or loss of future earning capacity are claimed as items of damages in this lawsuit, provide copies of the plaintiff's federal and state income tax returns for the three (3) tax years immediately preceding the tax year in which the alleged injuries were incurred, the tax year in which the alleged injuries were incurred, and each of the tax years next following that in which the alleged injuries were incurred and in which lost wages or loss of future earning capacity is claimed.

**RESPONSE**:

6. If lost wages are claimed as items of damages in this lawsuit, provide copies of the plaintiff's pay stubs for the thirty day period preceding the incident which is the subject of this lawsuit, and for each subsequent pay period in which lost wages are claimed.

**RESPONSE**:

7. If lost wages are claimed as items of damages in this lawsuit, provide a release (see attached) enabling the defendant's attorney or his designated representative to examine or obtain copies of the plaintiff's employment records.

**RESPONSE**

8. Copies of any and all photographs, reports, papers, books, documents, maps, drawings, diagrams, models or other tangible evidence expected to be used at trial and which were identified in the plaintiff's answer to Interrogatory No. 5 above.

**RESPONSE**:

9. Copies of any report consistent with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure produced by an expert witness identified in response to Interrogatory No. 4 above.

**RESPONSE**:

10. If you claim attorneys' fees from a related criminal prosecution as an item of expense for which you seek recovery in this lawsuit, attach a copy of each itemized bill or invoice for which you seek recovery, along with any written fee agreement you may have entered into.

**RESPONSE**:

18

DEFENDANTS
Robert Brennan and Perry Wilson

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105
Tel. (860) 808-5450
Fed. Bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first-class, postage pre-paid, to

the following on this the 12th day of March, 2003:

Philip Russell, Esq.
71 Lewis Street
Greenwich, Connecticut 06830

_____
Stephen R. Sarnoski
Assistant Attorney General

19

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP ZOPPI,             :     NO. 3:02CV-1619 (AWT)
*plaintiff,*         :
                 :
V.                 :
                 :
TROOPER PERRY WILSON, *et al.,*  :
*defendants.*        :     MARCH 12, 2003

## OATH OF RESPONDENT

I, _____, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

1. I am the respondent identified in interrogatory no. 1 above.

2. The answers and documents provided in response to the attached interrogatories and requests for production are true, accurate and complete to the best of my knowledge and belief, excepting only those to which I have objected, if any.

-------------------------------------------
(Affiant's Signature)

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Notary Public/Commissioner
of the Superior Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP ZOPPI,  : NO. 3:02CV-1619 (AWT)
*plaintiff*,  :
: 
V.  :
: 
TROOPER PERRY WILSON, *et al.*,  :
*defendants*.  : MARCH 12, 2003

## AUTHORIZATION FOR
## RELEASE OF EMPLOYMENT RECORDS

TO:

    I, _____, having a date of birth of _____, do hereby authorize the above referenced present or former employer to release such information regarding my personnel or employment history, terms of employment, salary or compensation levels, performance records, and disciplinary records, from its files, wherever located, as may be requested by Assistant Attorney General Stephen R. Sarnoski, or his authorized representative, for use in conjunction with the above referenced litigation or such other purpose as may be required.  A copy of this release shall be considered as valid as the original.

_____
Releasor

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Notary Public / Commissioner of the
Superior Court

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PHILIP ZOPPI,                          :          NO. 3:02CV-1619 (AWT)
        *plaintiff,*                    :
                                        :
              V.                        :
                                        :
TROOPER PERRY WILSON, *et al.,*         :
        *defendants.*                   :          MARCH 12, 2003

<u>**AUTHORIZATION FOR**</u>
<u>**RELEASE OF MEDICAL RECORDS**</u>

TO:

        I, _____, having a date of birth of _____, do hereby authorize the above referenced individual or firm to release any and all information or opinions in its possession or control regarding my past or present medical condition or treatment, wherever located, as may be requested by Assistant Attorney General Stephen R. Sarnoski, or his authorized representative, for use in conjunction with the above referenced litigation or such other purpose as may be required. I further authorize the release of all medical records, test results, x-rays, or other images of any type regarding my past or present medical condition or treatment, including but not limited to physical injuries of any type, infectious diseases, psychiatric or psychological conditions, drug or alcohol conditions or diagnoses and any other records of treatment or examination, including that which would otherwise be protected from disclosure under Chapter 899 of the Connecticut General Statutes, Title 42 U.S.C. §§ 290dd-3 and 290ee-3, and Federal Regulations 42 C.F.R. Part 2. A copy of this release shall be considered as valid as the original.

                                        _____
                                        Releasor

Subscribed and sworn to before me this _____ day of _____, 20___.

                                        _____
                                        Notary Public / Commissioner of the
                                        Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*
                 \*  NO. 3:02CV-1619 (AWT)
PHILIP ZOPPI,           \*
       PLAINTIFF,     \*
                    \*
VS.                   \*
                    \*
TROOPER PERRY WILSON,  \*
et al.,           \*   **COPY**
     DEFENDANTS.    \*
                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

-----------------------------------------------
DEPOSITION OF: PHILIP ZOPPI
-----------------------------------------------

Taken before Irene A. Janazzo, Registered
Professional Reporter, Lic./Reg. No. 00085, and
Notary Public in and for the State of Connecticut,
pursuant to the Federal Rules of Civil Procedure,
at the Office of the Attorney General, 110 Sherman
Street, Hartford, Connecticut, on May 20, 2003,
commencing at 10:02 a.m.

BRANDON SMITH REPORTING SERVICE, LLC
44 Capitol Avenue
Hartford, CT 06106
Tel: (860) 549-1850
Fax: (860) 549-1537

b19e1bce-9c9c-43c1-adbc-ace50452b96c

Zoppi vs Trooper Perry Wilson, et al

Page 92

| | | |
|---|---|---|
| 1 | Q | So the lawsuit revolves around two issues, the |
| 2 | | fact they kept you in the lockup longer than |
| 3 | | you feel was appropriate given the |
| 4 | | circumstances, correct? |
| 5 | A | Yes.  I also feel that they mishandled and |
| 6 | | mistreated me because -- they mishandled and |
| 7 | | mistreated my process.  I didn't get due |
| 8 | | process.  I was treated differently than |
| 9 | | anybody else would have been treated. |
| 10 | Q | You feel that was because of your experience |
| 11 | | previously as we discussed with Trooper Wilson? |
| 12 | A | Absolutely. |
| 13 | Q | Just to make it clear, are you in this lawsuit |
| 14 | | accusing Sergeant Brennan and/or Trooper Wilson |
| 15 | | of taking your money? |
| 16 | A | I don't know who took it.  I don't.  Could they |
| 17 | | have done it?  Yes.  I don't know that they |
| 18 | | did.  Someone took it.  Maybe it blew away on |
| 19 | | the turnpike.  Somebody took it. |
| 20 | Q | Okay.  Now let's move to the interrogatories |
| 21 | | and requests for production to the plaintiff |
| 22 | | that I sent you back in March.  Does that ring |
| 23 | | a bell with you? |
| 24 | A | Yes, sir. |
| 25 | Q | All right.  I notice that it is now May 21st -- |

b19e1bce-9c9c-43c1-adbc-...

Page 93

1       20th, excuse me, and I don't have answers.  Can

2       you tell me why you have not responded to these

3       questions to date?

4    A  We're in the process of responding to them.

5       We'll have it for you shortly.

6           MR. CALDWELL:  Off the record.

7

8               (Discussion off the record.)

9

10          MR. SARNOSKI:  Back on the record.

11   BY MR. SARNOSKI:

12   Q  Because we do not yet have sworn responses to

13      the interrogatories and requests for

14      production, I want to ask you some of the

15      questions or touch on some of the issues that

16      are addressed in the written discovery which

17      you can deal with with your lawyer at a future

18      date; okay?

19              First of all, with regard to your

20      ingestion of alcoholic beverages, you've

21      mentioned four beers.  Is that all the alcohol

22      that you drank?  And let's just use the

23      timeframe from when you arrived at work on the

24      17th until you were arrested by the police.

25   A  It was between four and five beers.  I don't



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
# State of Connecticut
May 20, 2003

*Fax: (860) 808-5591*
*Tel. (860) 808-5450*

Philip Russell, esq.
71 Lewis Street
Greenwich, Connecticut 06830

RE: ***Philip Zoppi v. Connecticut State Police, et al.***

Dear Attorney Russell:

My review of the file with regard to outstanding discovery issues indicates that the Defendants' Interrogatories and Requests For Production dated March 12, 2003 , a copy of which are attached for your convenience, remain unanswered and are currently overdue. Please provide me with your responses to the Defendants' Interrogatories and Requests for Production within five (5) days of receipt of this letter. Otherwise, please contact me to discuss an agreeable enlargement of the time in which to complete discovery in this matter. Failure to respond will leave me no alternative but to seek discovery sanctions in a manner consistent with Rule 37 of the Federal Rules of Civil Procedure.

Your anticipated cooperation is greatly appreciated.

Very truly yours,

Stephen R. Sarnoski
Assistant Attorney General

SRS/ss
encl.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619 (AWT) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| TROOPER PERRY WILSON, *et al.,* | : | |
| *defendants.* | : | NOVEMBER 20, 2003 |

**BILL OF COSTS**
**AND REQUEST FOR ATTORNEY'S FEES**

Pursuant to the provisions of Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure, the defendants respectfully request that they be reimbursed as follows for the costs of the Motion to Compel dated November 20, 2003:

**Copying Costs (@ $.10/page):**

| | | |
|---|---|---|
| Motion (3 pages) (two copies) | $ | .60 |
| Bill of Costs (1 page)(two copies) | $ | .20 |
| Affidavit and Certificate of Good Faith (2 pages) (two copies) | $ | .40 |
| Exhibits (26 pages) (two copies) | $ | 5.20 |

**Postage (first class)**

| | | |
|---|---|---|
| U.S. Mail (two copies) | $ | 4.00 |

**Attorney's Fees (@ $300.00/hour)**

| | | |
|---|---|---|
| Prepare and proof Motion to Compel (1.0 hours) | | $300.00 |

**TOTAL**      **$ 310.40**

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

PHILIP ZOPPI,                                  :    NO. 3:02CV-1619 (AWT)
    *plaintiff,*                               :
                                               :
    V.                                         :
                                               :
TROOPER PERRY WILSON, *et al.,*                :
    *defendants.*                              :    NOVEMBER 20, 2003

## AFFIDAVIT AND
## CERTIFICATION OF GOOD FAITH

In accordance with the provisions of Rule 37(a)(2)(B) of the Federal Rules of Civil

Procedure, and Rule 37(a)(2) of the Local Rules of Civil Procedure for the District of

Connecticut, counsel hereby certifies that: (1) the foregoing Bill of Costs and Request for

Attorney's Fees accurately and completely reflects the time and resources spent by the Office of

the Attorney General in the preparation and filing of this motion; (2) the hourly fee charged is

reasonable and in accordance with the fee charged in the greater Hartford area for work done by

attorneys of like experience and training; and (3) counsel has in good faith conferred or

attempted to confer with the plaintiff, through his attorney, Philip Russell, Esq., in an effort to

secure the information or material which is the subject of this motion as set forth in the attached

motion, and has failed.

COUNSEL FOR THE DEFENDANT

Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105
Tel. (860) 808-5450
Federal Bar #ct05129

Subscribed and sworn to before me this 20th day, of November ,2003 .

Notary Public/Commissioner of the Superior Court

My Commission Expires: 4/30/04

2