UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619(AWT) |
|    Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| CONNECTICUT STATE POLICE | : | |
| TROOPER PERRY WILSON and | : | |
| CONNECTICUT STATE POLICE | : | |
| SERGEANT ROBERT BRENNAN, | : | SEPTEMBER 28, 2006 |
|    Defendants. | : | |

## JOINT PRE-TRIAL MEMORANDUM

In accordance with the Standing Order Regarding Trial Memoranda in Civil Cases, the parties hereby offer the following pre-trial memorandum:

**1. TRIAL COUNSEL:**

**For the Plaintiff:**

   Philip D. Russell
   Philip Russell, LLC
   66 Field Point Road
   Greenwich, CT 06830

   Tel. (203) 661-4200

   E-mail: attys@greenwichlegal.com

**For the Defendants:**

   Stephen R. Sarnoski
   Assistant Attorney General
   MacKenzie Hall
   110 Sherman Street
   Hartford, Connecticut 06105

   Tel. (860) 808-5450

   E-mail: Stephen.sarnoski@po.state.ct.us

**2. JURISDICTION:** The jurisdiction of the court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42 of the United States Code.

**3. JURY/NON-JURY:** The plaintiff has claimed a trial by jury of all issues raised in his complaint.

**4. NATURE OF CASE:** This is a civil rights action filed pursuant to 42 U.S.C. §1983 by the plaintiff, Philip Zoppi, against the defendants, Connecticut State Police Trooper Perry Wilson and Sergeant Robert Brennan, in both their individual and official capacities. This lawsuit arises out of a March 17, 2002 incident in which the plaintiff was arrested for operating a motor vehicle while under the influence of alcohol or drugs on Interstate 95 in the Town of Westport, Connecticut. Following his arrest, the plaintiff was brought to the State Police barracks at Bridgeport, Connecticut, where, he claims, troopers stole approximately $400.00 from his wallet, and illegally detained him overnight despite the fact that he posted a $500 surety bond. In his complaint dated December 31, 2002, the plaintiff alleges that the defendants' acts violated his federal constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution by subjecting him to false imprisonment and summary punishment, and by depriving him of his right to due process and equal protection of the law under the Fourteenth Amendment. In addition, the plaintiff alleges that the defendants' acts violated his rights under Article First, §§ 8 and 9 of the Connecticut Constitution, and constituted false imprisonment, intentional infliction of emotional distress and civil theft under Connecticut common law. In recompense for his injuries, the plaintiff seeks

compensatory and punitive damages, as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

In its decision on the Defendants' Motion to Dismiss dated October 10, 2003, the Court dismissed the Plaintiff's federal civil rights claims brought under the Fifth, Eighth and Fourteenth Amendments, and his state law claims brought against the defendants under the state constitution in their official capacities. Remaining is the plaintiff's federal civil rights false imprisonment claim brought under the Fourth Amendment, and his state law claims brought against the defendants in their individual capacities for false imprisonment, intentional infliction of emotional distress and civil theft.

### 5. STIPULATIONS OF FACT AND LAW:

a.  At all times relevant to this lawsuit, the defendants were acting in their official capacities as Connecticut State Police troopers, under color of state law.

b.  At all times relevant to this lawsuit, the defendants were acting in their individual capacities under color of state law.

### 6. PLAINTIFF'S CONTENTIONS:

The plaintiff contends that all of the defendant's actions with regard to the confinement of the plaintiff after bail was set were constitutionally unreasonable under the Fourth Amendment, and violated state constitutional and common law as codified by statute. Further, the plaintiff denies defendants claim that they are entitled to qualified immunity for their actions.

### 7. DEFENDANT'S CONTENTIONS:

The defendants contend that all of their actions with regard to the plaintiff were constitutionally reasonable under the Fourth Amendment, and did not violate state

3

constitutional or common law. Further, the defendants claim that they are entitled to qualified immunity for their actions.

### 8. LEGAL ISSUES:

a. Whether the actions of the defendants violated the plaintiff's rights under the Fourth Amendment to the U.S. Constitution;

b. Whether the actions of the defendants violated the plaintiff's right to be free from false imprisonment under the Connecticut constitution and Conn. Gen. Stat. §54-63c and §54-63e;

c. Whether the actions of the defendants constituted the torts of intentional infliction of emotional distress and/or civil theft under Connecticut common law; and

d. Whether the defendants are entitled to qualified immunity for their actions.

### 9. VOIR DIRE QUESTIONS: Submitted herewith.

### 10. LIST OF WITNESSES:

a. Philip Zoppi, 532 Reid Street, Fairfield, Connecticut. Plaintiff will testify as to his employment and activities prior to his encounters with the defendants and other members of law enforcement during his arrest and subsequent confinement at the Connecticut State Police Barracks, Troop G, Bridgeport. He will also testify as to prior conflicts with defendant(s). he will also testify as to physical and emotional changes he has undergone after the incident in question. He will also authenticate portions of the Appearance Bond to support its admission as an exhibit in this case.

b. Timothy Gay, International Fidelity, 155 Golden Hill St., Bridgeport, CT. He will testify as to his activities in preparing the Appearance Bond to secure the release of the Plaintiff and his observations of the activities at Troop G while he was there for that purpose.

c. Faye Ahmadian, MD, The Brickwalk, Route One, Fairfield, CT. Dr. Ahmedian is plaintiff's family practitioner who will testify as to her dealings with and observations of the Plaintiff before and after the incident at bar. She will testify that Plaintiff presented complaining of anxiety and lack of ability to function at work. She will testify that Plaintiff was, at the time, being treated for irritable bowel syndrome (pre existing) and was taking zoloft. She will testify that she prescribed Clonopin for the anxiety and that based upon her knowledge, skill and experience as a licensed

doctor, the anxiety plaintiff suffered was caused, based upon a reasonable degree of medical certainty, by the incident alleged in the complaint.

d. Eileen Zoppi, 532 Reid Street, Fairfield, Connecticut. She will testify that she is and was Plaintiff's wife, her activities in attempting to secure bail for plaintiff at Troop G, her encounters at Troop G with members of law enforcement during Plaintiff's confinement at the Connecticut State Police Barracks, Troop G, Bridgeport. She will also testify as to physical and emotional changes she has observed in Plaintiff after the incident in question.

e. Domenick Perri, 47 Brookside Drive, Darien CT. He will testify that at the time of the incident in question, and prior thereto, he was the head of the DOT maintenance crew. He will also testify as to his knowledge of the prior conflict between plaintiff and defendant(s).

f. Albert J. Zoppi 153 Strawberry Hill Avenue, Stamford CT. He will testify that he is Plaintiff's father, his activities in attempting to secure bail for Plaintiff at Troop G, his encounters at Troop G with members of law enforcement during Plaintiff's confinement at the Connecticut State Police Barracks, Troop G, Bridgeport. He will also testify as to physical and emotional changes he has observed in Plaintiff after the incident in question.

g. John Mullin, Esq. City Of Stamford Law Department. He will testify that he is Plaintiff's brother-in-law, his conversation and observations of and with Plaintiff and members of law enforcement during a telephone call while Plaintiff was confined at Troop G. He will also testify as to changes he has observed in Plaintiff after the incident in question.

h. Officer Christopher Proudfoot, Westport Police Department, 50 Jesup Road, Westport, Connecticut. Officer Proudfoot first encountered the plaintiff on patrol and pulled his vehicle to the roadside. He will testify as to his training and experience as a police officer, and will describe his actions, observations made and conclusions reached during the course of the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

i. Officer Craig Kupson, Westport Police Department, 50 Jesup Road, Westport, Connecticut. Officer Proudfoot first encountered the plaintiff on patrol and pulled his vehicle to the roadside. He will testify as to his training and experience as a police officer, and will describe his actions, observations made and conclusions reached during the course of the Zoppi investigation. He will also authenticate portions of the police investigative

report to support its admission as an exhibit in this case.

j.  Trooper Perry Wilson, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Trooper Wilson was the first Connecticut State Police trooper on the scene of the Zoppi investigation and, ultimately, was assigned as the case officer. He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

k.  Trooper Thomas Kiely, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Along with Trooper Wilson, Trooper Kiely was the first Connecticut State Police trooper on the scene of the Zoppi investigation and was assigned to conduct field sobriety tests upon the plaintiff. He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

l.  Trooper Joseph Bukowski, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Trooper Bukowski assisted in processing the plaintiff during the course of his arrest and detention at the Bridgeport State Police barracks. He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

m.  Sergeant Robert Brennan, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Sergeant Brennan was the on-duty supervisor at the time of the plaintiff's arrest, processing and detention. Sergeant Brennan set the plaintiff's bond in accordance with established State Police procedure. He will testify as to his training and experience as a State Police Sergeant, and will describe his actions, observations made and conclusions reached during the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

## 11. EXHIBITS:

P-1 Notice of Rights Form dated 3/17/02 and referenced at 1900 hours
P-2 Notice of Rights Form dated 3/17/02 and referenced at 1900 hours
P-3 Appearance Bond for Plaintiff –C.G.S. 14-227a charge.
P-4 Appearance Bond for Plaintiff –C.G.S. 53a-167 charge.

D-1. Connecticut State Police Investigative Report #G02-131268
D-2. Connecticut State Police Investigative Report #G02-131326
D-3. State of Connecticut, Department of Public Safety, Personal Property

Inventory & Prisoner Processing Form for Philip Zoppi, Case No. G02-131268

12. **DEPOSITION TESTIMONY:** None anticipated.

13. **REQUESTS FOR JURY INSTRUCTIONS:** Submitted herewith.

14. **ANTICIPATED EVIDENTIARY PROBLEMS:** None anticipated.

15. **PROPOSED FINDINGS AND CONCLUSIONS:** Not applicable to jury trials.

16. **TRIAL TIME:** The parties estimate that trial of this matter, exclusive of jury selection will require two (2) days.

17. **FURTHER PROCEEDINGS:** None anticipated.

18. **ELECTION FOR TRIAL BY MAGISTRATE:** None made, however, while the defendants do not object to trial before a U.S. Magistrate Judge, Plaintiff seeks trial before a U.S.D.C. Judge.

19. **OTHER MATTERS:**

    A. **PROPOSED JURY INTERROGATORIES:** Submitted herewith.

    B. **PROPOSED OPENING STATEMENT:** None requested.

| For the Plaintiff: | For the Defendants: |
|---|---|
| ___/S/___ | _____ |
| Philip D. Russell | Stephen R. Sarnoski |
| Philip Russell, LLC | Assistant Attorney General |
| 66 Field Point Road | MacKenzie Hall |
| Greenwich, CT 06830 | 110 Sherman Street |
| Tel. (203) 661-4200 | Hartford, Connecticut 06105 |
| E-mail: attys@greenwichlegal.com | Tel. (860) 808-5450 |
| | E-mail: Stephen.sarnoski@po.state.ct.us |