UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619 (AWT) |
| *Plaintiff,* | : | |
| | | |
| V. | : | |
| | | |
| CONNECTICUT STATE POLICE | : | |
| TROOPER PERRY WILSON and | : | |
| CONNECTICUT STATE POLICE | : | |
| SERGEANT ROBERT BRENNAN, | : | |
| *Defendants.* | : | JANUARY 8, 2007 |

**DEFENDANT'S INPUT TO AMENDED
JOINT PRE-TRIAL MEMORANDUM**

In accordance with the Standing Order Regarding Trial Memoranda in Civil Cases, the defendants hereby offer the following pre-trial memorandum:

1. **TRIAL COUNSEL:**

**For the Defendants:**

   Stephen R. Sarnoski
   Assistant Attorney General
   MacKenzie Hall
   110 Sherman Street
   Hartford, Connecticut  06105

   Tel. (860) 808-5450

   E-mail: stephen.sarnoski@po.state.ct.us

2. **JURISDICTION:**  The jurisdiction of the court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42 of the United States Code.

**3. JURY/NON-JURY:** The plaintiff has claimed a trial by jury of all issues raised in his complaint.

**4. NATURE OF CASE:** This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by the plaintiff, Philip Zoppi, against the defendants, Connecticut State Police Trooper Perry Wilson and Sergeant Robert Brennan, in both their individual and official capacities. This lawsuit arises out of a March 17, 2002 incident in which the plaintiff was arrested for operating a motor vehicle while under the influence of alcohol or drugs on Interstate 95 in the Town of Westport, Connecticut. Following his arrest, the plaintiff was brought to the State Police barracks at Bridgeport, Connecticut, where, he claims, troopers stole approximately $400.00 from his wallet, and illegally detained him overnight despite the fact that he posted a $500 surety bond. In his complaint dated December 31, 2002, the plaintiff alleges that the defendants' acts violated his federal constitutional rights under the Fourth Amendment to the U.S. Constitution by subjecting him to false imprisonment. In addition, the plaintiff alleges that the defendants' acts violated his rights under Article First, §§ 8 and 9 of the Connecticut Constitution, and constituted false imprisonment, intentional infliction of emotional distress and civil theft under Connecticut common law. In recompense for his injuries, the plaintiff seeks compensatory and punitive damages, as well as attorneys' fees pursuant to 42 U.S.C. § 1988.

**5. STIPULATIONS OF FACT AND LAW:**

    a. At all times relevant to this lawsuit, the defendants were acting in their official capacities as Connecticut State Police troopers, under color of state law.

    b. The plaintiff's arrest for driving while under the influence of alcohol was supported by probable cause.

**6. PLAINTIFF'S CONTENTIONS:**

**7. DEFENDANT'S CONTENTIONS:**  The defendants contend that all of their actions with regard to the plaintiff were constitutionally reasonable under the Fourth Amendment, and did not violate state constitutional or common law.  They claim that probable cause existed to support the arrest of the plaintiff.  The defendants contend that they are entitled to absolute immunity for their actions in setting and adjusting the conditions of bond regarding the plaintiff's release.  *See Bryant v. City of New York,* 404 F.3d 128 (2nd Cir. 2005); *Clynch v. Chapman,* 285 F.Supp.2d 213 (D.Conn. 2003).  Further, the defendants claim that they are entitled to qualified immunity for their actions in arresting and detaining the plaintiff pending his appearance in court.

**8.  LEGAL ISSUES:**

a.  Whether there existed probable cause to support the arrest of the plaintiff;

b.  Whether the actions of the defendants constituted the tort of intentional infliction of emotional distress under Connecticut common law;

c.  Whether the actions of the defendants constituted the tort of civil theft under Connecticut common law; and

d.  Whether the defendants are entitled to qualified immunity for their actions.

**9. VOIR DIRE QUESTIONS:**  See Tab A attached to this memorandum.

**10. LIST OF WITNESSES:**

      a. Officer Christopher Proudfoot, Westport Police Department, 50 Jesup Road, Westport, Connecticut. Officer Proudfoot first encountered the plaintiff on patrol and pulled his vehicle to the roadside. He will testify as to his training and experience as a police officer, and will describe his actions, observations made and conclusions reached during the course of the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

      b. Officer Craig Kupson, Westport Police Department, 50 Jesup Road, Westport, Connecticut. Officer Proudfoot first encountered the plaintiff on patrol and pulled his vehicle to the roadside. He will testify as to his training and experience as a police officer, and will describe his actions, observations made and conclusions reached during the course of the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

      c. Trooper Perry Wilson, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Trooper Wilson was the first Connecticut State Police trooper on the scene of the Zoppi investigation and, ultimately, was assigned as the case officer. He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation. He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

      d. Trooper Thomas Kiely, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut. Along with Trooper Wilson, Trooper Kiely was the first Connecticut State Police trooper on the scene of the Zoppi investigation and was assigned to conduct field

sobriety tests upon the plaintiff.  He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation.  He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

    e.  Trooper Joseph Bukowski, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut.  Trooper Bukowski assisted in processing the plaintiff during the course of his arrest and detention at the Bridgeport State Police barracks.  He will testify as to his training and experience as a State Police Trooper, and will describe his actions, observations made and conclusions reached during the Zoppi investigation.  He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

    f.  Sergeant Robert Brennan, Connecticut State Police, 1111 Country Club Road, Middletown, Connecticut.  Sergeant Brennan was the on-duty supervisor at the time of the plaintiff's arrest, processing and detention.  Sergeant Brennan set the plaintiff's bond in accordance with established State Police procedure.  He will testify as to his training and experience as a State Police Sergeant, and will describe his actions, observations made and conclusions reached during the Zoppi investigation.  He will also authenticate portions of the police investigative report to support its admission as an exhibit in this case.

  11.  **EXHIBITS**:

    D-1.  Connecticut State Police Investigative Report #G02-131268

    D-2.  Connecticut State Police Investigative Report #G02-131326

    D-3.  State of Connecticut, Department of Public Safety, Personal Property Inventory & Prisoner Processing Form for Philip Zoppi, Case No. G02-131268

   12. **DEPOSITION TESTIMONY**:  None anticipated.

   13. **REQUESTS FOR JURY INSTRUCTIONS**:  See Tab B attached to this memorandum.

   14. **ANTICIPATED EVIDENTIARY PROBLEMS**:  The defendants make the following objections to the testimony of the plaintiff's witnesses listed below:

   a.  Philip Zoppi:  The defendant objects to the plaintiff's proffered testimony concerning his activities prior to his encounters with the defendants and other members of law enforcement during his arrest and subsequent confinement at the Connecticut State Police Barracks, Troop G, Bridgeport.  The plaintiff's activities prior to the night of his arrest, and his interaction with other members of law enforcement apart from the defendants at other places and times, are irrelevant to the issues in this lawsuit.  Finally, the plaintiff's proffered testimony with regard to prior conflicts with the defendants is irrelevant.  This is a Fourth Amendment action.  The question before the court is whether the defendants' actions in arresting and detaining the plaintiff were "objectively reasonable."  Their subjective motivation for arresting and detaining the plaintiff is irrelevant.

   b.  Timothy Gay:  The defendant objects to the testimony of this witness in that he was not disclosed as a potential witness by the plaintiff in response to the defendants' interrogatories and requests for production.  Moreover, his proffered testimony concerning his observations of the activities at Troop G while he was there for the purpose of bonding out the plaintiff, to the extent that they do not relate to the defendants, are not relevant to this action.

   c.  Eileen Zoppi:  The defendant objects to the proffered testimony regarding this witness' encounters at Troop G with members of law enforcement during the plaintiff's

confinement at Troop G. This is a Fourth Amendment action. The question before the court is whether there existed probable cause to support the arrest and detention of the plaintiff. The witness' encounters with troopers at the barracks following the plaintiff's arrest, whatever their nature, are not relevant to this inquiry. Moreover, to the extent that such encounters were of a conversational nature, they are impermissible hearsay.

      d. Domenick Perry: The defendants object to the proffered witness' testimony concerning his knowledge of a prior conflict between the defendants and the plaintiff. This is a Fourth Amendment action. The question before the court is whether the defendants' actions in arresting and detaining the plaintiff were "objectively reasonable." Their subjective motivation for arresting and detaining the plaintiff is irrelevant.

      e. Albert J. Zoppi: The defendant objects to the proffered testimony regarding this witness' encounters at Troop G with members of law enforcement while attempting to secure bail for the plaintiff at Troop G following his arrest. This is a Fourth Amendment action. The question before the court is whether there existed probable cause to support the arrest and detention of the plaintiff. The witness' encounters with troopers at the barracks following the plaintiff's arrest, whatever their nature, are not relevant to this inquiry. Moreover, to the extent that such encounters were of a conversational nature, they are impermissible hearsay. Finally, this witness' testimony concerning the physical and emotional changes experienced by the plaintiff after his arrest are merely cumulative of the testimony of the plaintiff's wife, Eileen Zoppi.

      f. John Mullin, Esq.: The defendant objects to the proffered testimony of this witness concerning his conversations with the plaintiff and members of law enforcement, other than the

defendants, during a telephone call while plaintiff was confined at Troop G.  Such testimony is impermissible hearsay.  Finally, this witness' testimony concerning the physical and emotional changes experienced by the plaintiff after his arrest are merely cumulative of the testimony of the plaintiff's wife, Eileen Zoppi.

    g.  Faye Ahmadian, M.D.:  The defendants object to the testimony of this witness as they have been unable to obtain from her the plaintiff's medical records related to his treatment for conditions which he claims are related to this lawsuit.  The witness no longer practices at the address provided by the plaintiff, and the defendants have been otherwise unable to locate this individual.  The Connecticut Department of Public Health has no medical practitioner licensed under this name.

    **15. PROPOSED FINDINGS AND CONCLUSIONS**:  Not applicable to jury trials.

    **16. TRIAL TIME**:  The defendants estimate that trial of this matter, exclusive of jury selection will require three (3) days.

    **17. FURTHER PROCEEDINGS**:  None anticipated.

    **18. ELECTION FOR TRIAL BY MAGISTRATE**:  None made, however, the defendants do not object to trial before a U.S. Magistrate Judge.

    **19. OTHER MATTERS**:

        **A. PROPOSED JURY INTERROGATORIES**:  See Tab C attached to this memorandum.

        **B. PROPOSED OPENING STATEMENT**:  None requested.

                                                DEFENDANTS
                                                Perry Wilson and Robert Brennan

                                                RICHARD BLUMENTHAL
                                                ATTORNEY GENERAL


                                                By: _____
                                                Stephen R. Sarnoski
                                                Assistant Attorney General
                                                MacKenzie Hall
                                                110 Sherman Street
                                                Hartford, Connecticut  06105
                                                Tel: (860) 808-5450
                                                Federal Bar #ct05129
                                                E-mail: stephen.sarnoski@po.state.ct.us


## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2007, a copy of foregoing notice was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      Philip Russell, Esq.
      71 Lewis Street
      Greenwich, Connecticut 06830

                                                  _____/s/_____
                                                  Stephen Sarnoski
                                                  Assistant Attorney General
                                                  110 Sherman Street
                                                  Hartford, CT  06105
                                                  Federal Bar #ct05129
                                                  E-Mail:  stephen.sarnoski@po.state.ct.us
                                                  Tel.: (860) 808-5450
                                                  Fax: (860) 808-5591