# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619 (AWT) |
| *Plaintiff,* | : | |
| | | |
| V. | : | |
| | | |
| CONNECTICUT STAT POLICE | : | |
| TROOPER PERRY WILSON and | : | |
| CONNECTICUT STATE POLICE | : | |
| SERGEANT ROBERT BRENNAN, | : | |
| *Defendants.* | : | JANUARY 8, 2007 |

## DEFENDANTS' PROPOSED INSTRUCTIONS
## TO THE JURY

The defendants hereby offer the following proposed instructions to the jury:

## I. Instructions on 42 U.S.C. § 1983

### The Statute

1. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### Purpose of Statute

2. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal

statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

*Authority:*  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

## **Burden of Proof**

3.  I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

*Authority:  Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## Elements of a Section 1983 Claim

4.  To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Authority:  Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

## First Element - Action Under Color of State Law

## Definition

5.  The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

**Authority:**  *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia,* 100 U.S. 339, 25 L.Ed. 676 (1880).

6.  The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

**Authority:**  *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir. 1975); *cert. denied,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

## Second Element - Deprivation of Right

### Section 1983
### False Imprisonment

7.  A Section 1983 claim for false imprisonment for the period of time following the plaintiff's arrest, but prior to his arraignment in court, rests on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause.  Under Section 1983, the elements of the claim for false arrest are controlled by state law.  Under Connecticut law, the tort of false imprisonment is synonymous with that of false arrest**.**  False imprisonment**,** or false arrest, is the unlawful restraint by one person of the physical liberty of another.  To establish a claim for false arrest under Section 1983, a plaintiff must show that the defendant intentionally confined him without his consent and without justification.  Because probable cause to arrest constitutes justification, there can be no claim for false arrest where the arresting officer had probable cause to arrest the plaintiff.  Similarly, a claim for wrongful imprisonment cannot succeed where the undisputed facts establish probable cause because it vitiates a required element of this cause of action - that the arrest or confinement be without legal justification.

*Authority:*  *Beck v. Ohio,* 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964); *Bryant v. City of New York,* 404 F.3d 128 (2d Cir. 2005); *Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir. 2004); *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996); *Caban v. United States,* 728 F.2d 68, 71 (2d Cir. 1984); *Sulkowska v. City of N.Y.,* 129 F. Supp. 2d 274, 287 (S.D.N.Y. 2001); *Green v. Donroe,* 186 Conn**.** 265, 267, 440 A.2d 973 (1982); *Outlaw v. City of Meriden*, 43 Conn.App. 387, 392, 682 A.2d 1112, *cert. denied,* 239 Conn. 946, 686 A.2d 122 (1996).

## **Probable Cause**

8.  The existence of probable cause is the sole criteria for a lawful arrest under the Fourth Amendment.  Probable cause exists where all of the facts and circumstances within an officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the person to be arrested committed an offense.  The requirement of probable cause does not create a high bar for law enforcement.   The quantum of evidence required to establish probable cause need not reach the level of evidence necessary to support a conviction.  However, the evidence supporting an officer's determination of probable cause must constitute more than rumor, suspicion, or even a strong reason to suspect a particular individual of having violated the law.

Any determination of whether probable cause to effect a particular arrest existed must be founded upon an analysis of the "totality-of-the-circumstances" surrounding the particular arrest in question.  In making a determination of whether probable cause existed, you must consider all of the facts available to the police at the time of the arrest and immediately before it.  Thus, the information upon which an officer may properly rely in determining whether probable cause to effect an arrest exists is not limited only to those facts of which the officer has personal knowledge.  A determination of probable cause may be based on hearsay information obtained from other police officers, or from a reliable third party, such as an anonymous informant whose information can be independently corroborated.  It is the collective knowledge of the law enforcement organization as a whole, and not merely the information possessed by the arresting officer which must be considered in taking into account the totality-of-the-circumstances when considering whether a particular arrest was based upon probable cause.

*Authority:* *Devenpeck v. Alford,* 543 U.S. 146; 125 S. Ct. 588; 160 L. Ed. 2d 537 (2004);

*United States v. Hensley,* 469 U.S. 221, 231, 105 S.Ct. 675, 682, 83 L.Ed. 2d 604 (1985); *Illinois*

*v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Baker v. McCollan,*

443 U.S. 137, 142-43, 99 S.Ct. 2689, 2694, 61 L.Ed.2d 433 (1979); *Michigan v. Difillippo,* 443

U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Dunaway v. New York,* 442 U.S. 200,

208 & n. 9, 99 S.Ct. 2248, 2254 & n. 9, 60 L.Ed.2d 824 (1979); *Gerstein v. Pugh,* 420 U.S. 103,

111, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975); *Wong Sun v. United States,* 371 U.S. 471, 479, 83

S.Ct. 407, 412, 9 L.Ed.2d 441 (1963); *Henry v. United States,* 361 U.S. 98, 100-101, 80 S.Ct.

168, 170, 4 L.Ed.2d 134 (1959); *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3

L.Ed.2d 327 (1959); *Phelps v. City of New York,* 2006 U.S. Dist. LEXIS 42926 (S.D.N.Y. 2006);

*Lowth v. Town of Cheektowaga,* 82 F.3d 563, 569 (2d Cir. 1996); *United States v. Fisher,* 702

F.2d 372, 375 (2d Cir. 1983); *United States ex rel. LaBelle v. LaVallee,* 517 F.2d 750, 753, (2d

Cir. 1975); *Mulligan v. Rioux,* 229 Conn. 716, 743, 643 A.2d 1226 (1994).

## **Objective Standard for Probable Cause**

9.   The existence or non-existence of probable cause is to be judged by using an objective

standard.  Therefore, an officer's subjective feelings toward a person to be arrested are irrelevant

to the question of whether there existed probable cause to arrest that individual.  An arrest is

constitutionally valid if probable cause to arrest objectively existed at the time of the arrest, even

if the officer may have subjectively believed that probable cause did not exist.

*Authority:*  *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d

443 (1989); *Peters v. New York,* 392 U.S. 40, 66-67, 88 S.Ct. 1889, 1904-05, 20 L.Ed.2d 917

(1968), *cited with favor in Florida v. Royer,* 460 U.S. 491, 507, 103 S.Ct. 1319, 1329, 75 L.Ed.2d 229 (1983).

### Favorable Termination

10.  In order to prevail on a cause of action for false arrest or false imprisonment, a plaintiff must prove that the underlying criminal proceeding terminated in his favor. A criminal proceeding terminates in favor of the plaintiff only when its final disposition is such as to indicate the accused is not guilty.  A nolle involves the consent of both the prosecution and the accused and leaves open the question of the accused's guilt.

**Authority:**  *Roesch v. Otarola,* 980 F.2d 850, 852 (2d Cir. 1992); *Singleton v. City of New York,* 632 F.2d 185, 193 (2d Cir. 1980); *Birdsall v. City of Hartford,* 249 F. Supp. 2d 163, 171 (D. Conn**.** 2003).

### Effect of Guilty Plea

11.  A plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a section 1983 action for false arrest and false imprisonment**.**  Therefore, if you find that the plaintiff pleaded guilty to an offense as a result of his arrest by the defendants on March 17, 2002, then you must find in favor of the defendants on both the state and federal false imprisonment claims.

**Authority:**  *Johnston v. Town of Greece,* 983 F. Supp. 348, 359-60 (W.D.N.Y. 1997) (arrestee's guilty plea to harassment charges barred him from bringing section 1983 claim for malicious prosecution and false arrest); *Roundtree v. City of New York,* 778 F. Supp. 614, 619 (E.D.N.Y. 1991) (guilty plea to lesser charge of disorderly conduct, a violation, barred plaintiff's false arrest claim based on assault charge); *Keyes v. City of Albany,* 594 F. Supp. 1147, 1155

(N.D.N.Y. 1984) (plea to lesser charge barred false arrest claim under section 1983); *Pouncey v. Ryan,* 396 F. Supp. 126, 127 (D.Conn**.** 1975) (conviction by guilty plea on a lesser included offense of the one charged barred section 1983 action for false arrest and false imprisonment).

## Custodial Arrest

12.   The standard of probable cause applies to all arrests, without the need to balance the interests and circumstances involved in particular situations.   A responsible Fourth Amendment balance is not well served by standards requiring sensitive, case-by-case determinations of government need, lest every discretionary judgment in the field be converted into an occasion for constitutional review.   If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.   Accordingly, a police officer possessed of probable cause to believe an individual has committed an offense, however minor, is constitutionally authorized to make a custodial arrest without balancing costs and benefits or determining whether or not the individual's arrest was in some sense necessary.

*Authority: Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); *Dunaway* v. *New York*, 442 U.S. 200, 208, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979).

## Third Element:  Causation
## Proximate Cause - Generally

13.   The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiff.   Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.   An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the

injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants. If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

**Authority:** *Graham v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

**III.    Pendent Jurisdiction - State Law Claim**

14.  In addition to the constitutional claims raised in the complaint, the plaintiff has also raised what are called "pendent" claims for damages under Connecticut state law.  When considering pendent state law claims, you are bound to apply the law of the state.  I will now instruct you concerning the obligations of the defendants under state law with regard to these claims.

**Authority:**  *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**Intentional Infliction of Emotional Distress:**

15.  The plaintiff also alleges a cause of action for intentional infliction of emotional distress.  In order to succeed on this claim you must find that the plaintiff has proven to you by a fair preponderance of the evidence that (1) the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress would likely result from his conduct; (2) the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; (4) the plaintiff actually suffered emotional distress, and that the emotional distress sustained by the plaintiff was severe.  The plaintiff must further prove, in order to recover, that: (1) the defendant acted with deliberate purpose to cause the distress or with knowledge to a substantial certainty that such distress would result; or (2) the defendant recklessly caused the plaintiffs to suffer extreme emotional distress.  The plaintiff cannot recover if he proves only that defendant negligently caused him to suffer extreme emotional distress.  Similarly, the plaintiff cannot recover unless he proves that the defendant acted in an outrageous manner, exceeding all bounds usually tolerated by decent society.

Finally, you must consider whether the plaintiff is prohibited from recovering on his claim of extreme emotional distress because the defendant's conduct was privileged.   The defendant's conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances.  An actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.  In this regard, a police officer is justified in effecting an arrest on the basis of probable cause even if he knows that to do so will result in extreme emotional distress to the person being arrested.  Thus, if you find that the defendant had probable cause to arrest the plaintiff, and did not use excessive force in effecting the arrest, then even though you may also find that the plaintiff actually suffered extreme emotional distress as a result of the arrest, the defendant's conduct was privileged, and you must find for the defendant on this claim.

*Authority:*  Wright, *Connecticut Jury Instructions*, §240(g); Daniel C. Pope, *Connecticut Actions and Remedies* §6.03 (1995); *Petyan v. Ellis,* 200 Conn. 243, 253 (1986);  *Whelan v. Whelan,* 41 Conn. Sup. 519, 522 (1991); *Petyan v. Ellis,* 200 Conn. 243, 254 n5 (1986); *Drew v. K-Mart Corp.,* 37 Conn. App. 239 (1995); *Brown v. Ellis,* 40 Conn. Sup. 165, 168 (1984).

## Civil Theft

16.  A person commits civil theft when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner.  The elements of civil theft include: (1) the wrongful taking or carrying away of the personal property of another; (2) The existence of a felonious intent in the taker to deprive the owner of [the property] permanently; and (3) the lack of consent of the owner.  In

order to find a defendant liable for civil theft, you must unanimously agree that he committed each of the elements listed.

  *Authority:* *State v. Calonico,* 256 Conn. 135, 153, 770 A.2d 454 (2001); *Discover Leasing, Inc. v. Murphy,* 33 Conn. App. 303, 309, 635 A.2d 843 (1993), *citing Lauder v. Peck,* 11 Conn. App. 161, 165, 526 A.2d 539 (1987); Connecticut General Statutes §§ 52-564 and 53a 119.

## IV.  Instructions on Damages

### Consider Damages Only if Necessary

  17.  If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

  *Authority:* *Eulo v. Deval Aerodynamics, Inc.,* 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); *Krieger v. Bausch,* 377 F.2d 398 (10th Cir. 1967).

### Multiple Claims - Multiple Defendants

  18.  I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim - he is only entitled to be made whole again, not to recover more than he lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each of the federal constitutional claims that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim.  Although there are four (4) defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages.  If you decide that two or more (both) of the defendants are jointly liable on a particular claim, then you may simply determine the overall

amount of damages for which they are liable, without breaking that figure down into individual

percentages.

### Nominal Damages

19.  If you return a verdict for the plaintiff on a claim, but find that the plaintiff has failed

to prove by a preponderance of the evidence that she has suffered any actual damages on that

claim, then you must return an award of damages in some nominal amount such as one dollar.

Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right

by the defendant, but has suffered no actual damage as a natural consequence of that deprivation.

**Authority:**  Adapted from 5 Hon. Leonard B. Sand, *et al., Modern Jury Instructions,*

Instruction 87-88 (September 1997); *Gibeau v. Nellis,* 18 F.3d 107 (2d Cir 1994).

### Compensatory Damages

20.  The purpose of the law of damages is to award, as far as possible, just and fair

compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's

rights.  If you find that the defendant is liable on the claims, as I have explained them, then you

must award the plaintiff sufficient damages to compensate him for any injury proximately caused

by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the

plaintiff whole - that is, to compensate him for the damage that he has suffered.  (If applicable:

Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have

borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain

and suffering, mental anguish, shock and discomfort that he has suffered because of a

defendant's conduct).

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future. You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*Authority: Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); *Kinty v. United Mine Workers of America,* 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432 (5th Cir. 1962); *U.C. Castings Co. v. Knight,* 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.,* 600 F.2d 103 (7th Cir. 1979); Connecticut Law of Torts, 3d Ed. § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## **Mitigation of Damages**

21.  In considering damages to award to the plaintiff, you must determine whether the plaintiff could have done something to lessen the harm that he suffered.  The burden is on the defendants to prove, by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so.  If the defendants convince you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.

**Authority:**  Adapted from 5 Hon. Leonard B. Sand,  *et al., Modern Jury Instructions,* Instructions 87-34 and 87-90 (September 1997).

## **Punitive Damages**

22.  If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages.  You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages.  Punitive damages are awarded in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The

plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal laws of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

You may not award punitive damages against the defendants for conduct you find to have been merely negligent.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant

from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter a defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

*Authority:* *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Vasbinder v. Ambach,* 926 F.2d 1333 (2d Cir. 1991); *Abraham v. Pekarski,* 728 F.2d 167 (3d Cir. 1984); *Longoria v. Wilson,* 730 F.2d 300 (5th Cir. 1984); *Lee v. Southern Homes Sites Corp.,* 429 F.2d 290 (5th Cir. 1970); *Walker v. Norris,* 917 F.2d 1449 (6th Cir. 1990); *Bogan v. Stroud,* 958 F.2d 180 (7th Cir. 1992); *Crawford*

*v. Garnier,* 719 F.2d 1317 (7th Cir. 1983); *Cunningham v. City of Overland,* 804 F.2d 1069 (8th

Cir. 1986); *Wade v. Haynes,* 663 F.2d 778 (8th Cir. 1981), *aff'd sub nom., Smith v. Wade,* 461

U.S. 30 (1983); *Kennedy v. Los Angeles Police Department,* 901 F.2d 702 (9th Cir. 1990); *Green

v. Johnson,* 977 F.2d 1383 (10th Cir. 1992); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir. 1992);

*Glover v. Alabama Dept. of Corrections,* 734 F.2d 691 (11th Cir. 1984); Connecticut Law of

Torts, 3d Ed., § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## IV.  **Special Verdict With Interrogatories**

23.  When you retire to the jury room to conduct your deliberations, I will ask you to

record your findings on a special verdict form which the clerk will provide for you.  The special

verdict form contains a number of interrogatories to which you are asked to respond either

"YES" or "NO."  You should carefully follow the instructions contained on the special verdict

form, and answer only those interrogatories which are necessary in order for you to conclude

your deliberations.  On the other hand, you should answer each and every one of the

interrogatories on the special verdict form except where the instructions indicate otherwise.

Your response to each interrogatory must be unanimous, and must reflect the conscientious

judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains

appropriate spaces in which you are asked to record the amount of damages to be awarded.  As

with your answers to each of the questions contained on the form, your award of damages, if any,

must be unanimous and must reflect the conscientious judgment of each juror.

**Authority:**  Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

## <u>ADDITIONAL REQUESTS</u>

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.