UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619(AWT) |
| Plaintiff, | : | |
| V. | : | |
| CONNECTICUT STATE POLICE TROOPER PERRY WILSON and CONNECTICUT STATE POLICE SERGEANT ROBERT BRENNAN, | : | January 15, 2007 |
| Defendants. | : | |

**PLAINTIFF'S REVISED PROPOSED SPECIAL VERDICT FORM**
**(Interrogatories)**

I. **LIABILITY § 1983 – False Imprisonment**

    A. **False Imprisonment – Defendant WILSON:**

        1. Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant, WILSON unlawfully imprisoned him without probable cause?

           [ ] YES         [ ] NO

        2. If you answered "yes" to interrogatory no. A.1, then do you find that the unlawful conduct on the part of the defendant, WILSON was the proximate cause of injury to the plaintiff?

           [ ] YES         [ ] NO

(If you answered "yes" to both interrogatories, you may go on to consider damages against this defendant in Part III below.)

    B. **False Imprisonment – Defendant BRENNAN:**

        1. Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant, BRENNAN unlawfully imprisoned him without probable cause?

1

[ ] YES              [ ] NO

    2.    If you answered "yes" to interrogatory no. B.1, then do you find that the unlawful conduct on the part of the defendant, BRENNAN was the proximate cause of injury to the plaintiff?

[ ] YES              [ ] NO

(If you answered "yes" to both interrogatories, you may go on to consider damages against this defendant in Part III below.)

**II.**    **LIABILITY: - State Law Claims**

    A.    <u>**False Imprisonment under Connecticut Constitution and State Law**</u>

        a.    **False Imprisonment – Defendant WILSON:**

            1.    Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant, WILSON unlawfully imprisoned him?

[ ] YES              [ ] NO

            2.    If you answered "yes" to interrogatory no. A.a.1, then do you find that the unlawful conduct on the part of the defendant, WILSON was the proximate cause of injury to the plaintiff?

[ ] YES              [ ] NO

(If you answered "yes" to both interrogatories, you may go on to consider damages against this defendant in Part III below.)

        b.    **False Imprisonment – Defendant BRENNAN:**

            1.    Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant, BRENNAN unlawfully imprisoned him?

[ ] YES              [ ] NO

            2.    If you answered "yes" to interrogatory no. A.b.1, then do you find that the unlawful conduct on the part of the

           defendant, BRENNAN was the proximate cause of injury to the plaintiff?

           [ ] YES           [ ] NO

(If you answered "yes" to both interrogatories, you may go on to consider damages against this defendant in Part III below.)

    **B.**    **<u>Intentional Infliction of Emotional Distress</u>**

        **a.**    **As to Defendant WILSON:**

           1.    Do you find that the plaintiff has proven by a preponderance of the evidence that the plaintiff was unlawfully subjected to the intentional infliction of emotional distress by defendant WILSON?

               [ ] YES           [ ] NO

           2.    If you answered "yes" to interrogatory no. B.a.1, then do you find that the unlawful conduct on the part of the defendant, WILSON was the proximate cause of injury to the plaintiff?

               [ ] YES           [ ] NO

        **b.**    **As to Defendant BRENNAN:**

           1.    Do you find that the plaintiff has proven by a preponderance of the evidence that the plaintiff was unlawfully subjected to the intentional infliction of emotional distress by defendant BRENNAN?

               [ ] YES           [ ] NO

           2.    If you answered "yes" to interrogatory no. B.b.1, then do you find that the unlawful conduct on the part of the defendant, BRENNAN was the proximate cause of injury to the plaintiff?

               [ ] YES           [ ] NO

    **C.**    **<u>Civil Theft</u>**

        **a.**    **As to Defendant WILSON:**

1. Do you find that the plaintiff has proven by a preponderance of the evidence that the plaintiff was unlawfully subjected to the theft of his money by defendant WILSON?

   [ ] YES                [ ] NO

2. If you answered "yes" to interrogatory no. C.a.1, what amount of money do you find that this defendant stole from the plaintiff?

   $_____

   b.   **As to Defendant BRENNAN:**

1. Do you find that the plaintiff has proven by a preponderance of the evidence that the plaintiff was unlawfully subjected to the theft of his money by defendant _____?

   [ ] YES                [ ] NO

2. If you answered "yes" to interrogatory no. C.b.1, what amount of money do you find that this defendant stole from the plaintiff?

   $_____

### III. <u>DAMAGES</u>

If you answered "yes" to the interrogatories in Part I.A, I.B, IIA, IIB, or IIC above, you have found one or more of the defendants liable to the plaintiff. You may, therefore, award damages against them.

1. Do you find that the plaintiff has proved actual damages suffered as the result of the defendants' wrongdoing?

   [ ] YES                [ ] NO

2. If you answered "yes" to interrogatory no. III.1, what amount of money in actual damages is fair and just to compensate the plaintiff for the injuries inflicted upon him by the defendants?

   $_____

3. If you answered "no" to interrogatory no. III.1, you have found that the plaintiff has proved that the defendant, Perry Wilson or Robert Brennan, or both of them, violated his rights, but that he

4

failed to prove actual damages. You must, therefore award nominal damages in an amount not to exceed $1.00. Enter that amount below.

$ _____

4. If you awarded either actual or nominal damages to the plaintiff in interrogatories III.2 or III.3 above, for false imprisonment in violation of his rights under the Fourth Amendment to the U.S. Constitution, or Conn. Const. Art. I, § 8, as amended by Conn. Const. amend. Art. XVII and XXIX; Conn. Gen. Stat. §54-63c; §54-63e, and keeping in mind the Court's instruction on punitive damages, do you find that the defendant, should be punished or deterred from future misconduct by an award of punitive damages in addition to that already listed above?

   [ ] YES                [ ] NO

5. What amount of punitive damages is fair and just in order to punish each defendant, or to deter him/her from future misconduct?

   As to defendant _____   $ _____

IV. **SPECIAL FACTUAL INTERROGATORIES**

1. Do you find that the Plaintiff was a danger to himself or others at the time of his prospective release from State Police Custody on the evening of March 17, 2002?

   [ ] YES                [ ] NO

2. Do you find that either Defendant would not allow the Plaintiff to complete any processing paperwork at or about the time of his prospective release from State Police Custody on the evening of March 17, 2002?

   [ ] YES                [ ] NO

3. If you have found that either Defendant did not allow the Plaintiff to complete any processing paperwork at or about the time of his prospective release from State Police Custody on the evening of March 17, 2002, do you find that the motive for Defendant(s) said conduct was Plaintiff and Defendants' prior conflict over an unrelated traffic accident investigation by the State Police and one of the Defendants?
   [ ] YES                [ ] NO

Your deliberations are complete. Please sign and date this form.

_____      _____

Foreperson                                                                                  Date

[Plaintiff objects to Defendants' Special Factual Interrogatories #3, 4 and 5. Whether defendant was "under the influence" is irrelevant. It is not disputed that the defendants did not comply with the mandates of C.G.S. §17a-683 and that Plaintiff's father and wife were at the Troop barracks to pick him up when he was denied release. Moreover, the Defendants have pointed to no authority that would allow them to summarily set non-financial conditions of bond, such as they attempt to condone by implication through Defendants' Special Factual Interrogatory #3.

As to Defendants' Special Factual Interrogatories #4 and 5, they are overly broad would unnecessarily and improperly cover a host of lawful conduct such as Plaintiff averring that his money had been stolen or refusing to sign the property inventory except "under protest", which is what Plaintiff has averred from the outset. These examples of being "uncooperative' or "belligerent" are not grounds for suspending his civil rights.]

THE PLAINTIFF
PHILIP ZOPPI

By *[signature]*
Christopher Caldwell CT 17214
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
(203) 661-4200

### CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was telefaxed to all counsel and pro se parties of record on the date above referenced as follows:

Stephen R. Sarnoski, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105
Fax: (860)523-5536
Phone:(860)808-5450

*[signature]*
Christopher Caldwell