UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP ZOPPI, | : | NO. 3:02CV-1619 (AWT) |
| *Plaintiff,* | : | |
| V. | : | |
| CONNECTICUT STATE POLICE | : | |
| TROOPER PERRY WILSON and | : | |
| CONNECTICUT STATE POLICE | : | |
| SERGEANT ROBERT BRENNAN, | : | |
| *Defendants.* | : | JANUARY 15, 2007 |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff respectfully requests the court take judicial notice of the following five (5) Connecticut General Statutes, all of which are germane to the issues in this trial, to wit:

**Sec. 29-12. Fingerprinting and physical description of arrested persons.** All persons arrested for crime as described in section 29-11 shall submit to the taking of their fingerprints and physical description and all constables and chiefs of police of organized police departments and the commanding officers of state police stations shall immediately furnish to the State Police Bureau of Identification two copies of a standard identification card on which shall be imprinted fingerprints of each person so arrested, together with the physical description of, and such information as said bureau may require with respect to, such arrested person. All wardens of correctional institutions and the Community Correctional Center Administrator shall furnish to the State Police Bureau of Identification such information with respect to prisoners as said bureau requires. The Commissioner of Public Safety may adopt regulations for the submission to and the taking of fingerprints as required under this section which will promote efficiency and be consistent with advances in automation and technology.

**Sec. 29-17. Penalty.** Any person who neglects or refuses to comply with the requirements of sections 29-11 to 29-16, inclusive, shall be fined not more than one hundred dollars.

**Sec. 54-63c. Release by law enforcement officer.** (a) Except in cases of arrest pursuant to a bench warrant of arrest in which the court or a judge thereof has indicated that bail should be denied or ordered that the officer or indifferent person making such arrest shall, without undue delay, bring such person before the clerk or assistant clerk of the superior court for the geographical area under section 54-2a, when any person is arrested for a bailable offense, the chief of police, or the chief's authorized designee, of the police department having custody of the arrested person shall promptly advise such person of the person's rights under section 54-1b, and of the person's right to be interviewed concerning the terms and conditions of release. Unless the arrested person waives or refuses such interview, the police officer shall promptly interview the arrested person to obtain information relevant to the terms and conditions of the person's release

from custody, and shall seek independent verification of such information where necessary. At the request of the arrested person, the person's counsel may be present during the interview. After such a waiver, refusal or interview, the police officer shall promptly order release of the arrested person upon the execution of a written promise to appear or the posting of such bond as may be set by the police officer, except that no condition of release set by the court or a judge thereof may be modified by such officer and no person shall be released upon the execution of a written promise to appear or the posting of a bond without surety if the person is charged with the commission of a family violence crime, as defined in section 46b-38a, and in the commission of such crime the person used or threatened the use of a firearm. When cash bail in excess of ten thousand dollars is received for a detained person accused of a felony, where the underlying facts and circumstances of the felony involve the use, attempted use or threatened use of physical force against another person, the police officer shall prepare a report that contains (1) the name, address and taxpayer identification number of the accused person, (2) the name, address and taxpayer identification number of each person offering the cash bail, other than a person licensed as a professional bondsman under chapter 533 or a surety bail bond agent under chapter 700f, (3) the amount of cash received, and (4) the date the cash was received. Not later than fifteen days after receipt of such cash bail, the police officer shall file the report with the Department of Revenue Services and mail a copy of the report to the state's attorney for the judicial district in which the alleged offense was committed and to each person offering the cash bail. No police officer shall set the terms and conditions of a person's release, set a bond for a person or release a person from custody under this subsection unless the police officer has first checked the National Crime Information Center (NCIC) computerized index of criminal justice information to determine if such person is listed in such index. If the arrested person has not posted bail, the police officer shall immediately notify a bail commissioner.

(b) The chief, acting chief, superintendent of police, the Commissioner of Public Safety, any captain or lieutenant of any local police department or the Division of State Police within the Department of Public Safety or any person lawfully exercising the powers of any such officer may take a written promise to appear or a bond with or without surety from an arrested person as provided in subsection (a) of this section, or as fixed by the court or any judge thereof, may administer such oaths as are necessary in the taking of promises or bonds and shall file any report required under subsection (a) of this section.

**Sec. 54-63d. Release by bail commissioner. Information, files and reports held by Court Support Services Division.** (a) Upon notification by a police officer pursuant to section 54-63c that an arrested person has not posted bail, a bail commissioner shall promptly conduct an interview and investigation as specified in subdivisions (1) and (2) of subsection (a) of section 54-63b and, based upon the criteria established pursuant to subsection (b) of section 54-63b and except as provided in subsection (b) of this section, the bail commissioner shall promptly order release of such person on the first of the following conditions of release found sufficient to provide reasonable assurance of the person's appearance in court: (1) Upon the execution of a written promise to appear without special conditions; (2) upon the execution of a written promise to appear with any of the nonfinancial conditions as specified in subsection (c) of this section; (3) upon the execution of a bond without surety in no greater amount than necessary; or (4) upon the execution of a bond with surety in no greater amount than necessary. If the person is unable to meet

the conditions of release ordered by the bail commissioner, the bail commissioner shall so inform the court in a report prepared pursuant to subdivision (4) of subsection (a) of section 54-63b.

(b) No person shall be released upon the execution of a written promise to appear or the execution of a bond without surety if the person is charged with the commission of a family violence crime, as defined in section 46b-38a, and in the commission of such crime the person used or threatened the use of a firearm.

(c) In addition to or in conjunction with any of the conditions enumerated in subdivisions (1) to (4), inclusive, of subsection (a) of this section, the bail commissioner may impose nonfinancial conditions of release, which may require that the arrested person do any of the following: (1) Remain under the supervision of a designated person or organization; (2) comply with specified restrictions on the person's travel, association or place of abode; (3) not engage in specified activities, including the use or possession of a dangerous weapon, an intoxicant or controlled substance; (4) participate in the zero-tolerance drug supervision program established under section 53a-39d; (5) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; or (6) satisfy any other condition that is reasonably necessary to assure the appearance of the person in court. Any of the conditions imposed under subsection (a) of this section and this subsection by the bail commissioner shall be effective until the appearance of such person in court.

(d) The police department shall promptly comply with the order of release of the bail commissioner, except that if the department objects to the order or any of its conditions, the department shall promptly so advise a state's attorney or assistant state's attorney, the bail commissioner and the arrested person. The state's attorney or assistant state's attorney may authorize the police department to delay release, until a hearing can be had before the court then sitting for the geographical area which includes the municipality in which the arrested person is being detained or, if the court is not then sitting, until the next sitting of said court. When cash bail in excess of ten thousand dollars is received for a detained person accused of a felony, where the underlying facts and circumstances of the felony involve the use, attempted use or threatened use of physical force against another person, the police department shall prepare a report that contains (1) the name, address and taxpayer identification number of the accused person, (2) the name, address and taxpayer identification number of each person offering the cash bail, other than a person licensed as a professional bondsman under chapter 533 or a surety bail bond agent under chapter 700f, (3) the amount of cash received, and (4) the date the cash was received. Not later than fifteen days after receipt of such cash bail, the police department shall file the report with the Department of Revenue Services and mail a copy of the report to the state's attorney for the judicial district in which the alleged offense was committed and to each person offering the cash bail.

(e) Except as provided in subsections (f) and (g) of this section, all information provided to the Court Support Services Division shall be for the sole purpose of determining and recommending the conditions of release, and shall otherwise be confidential and retained in the files of the Court Support Services Division, and not be subject to subpoena or other court process for use in any other proceeding or for any other purpose.

(f) The Court Support Services Division shall establish written procedures for the release of information contained in reports and files of the Court Support Services Division, such proce-

dures to be approved by the executive committee of the judges of the Superior Court. Such procedures shall allow access to (1) nonidentifying information by qualified persons for purposes of research related to the administration of criminal justice; (2) all information provided to the Court Support Services Division by probation officers for the purposes of compiling presentence reports; and (3) all information provided to the Court Support Services Division concerning any person convicted of a crime and held in custody by the Department of Correction.

(g) Any files and reports held by the Court Support Services Division may be accessed and disclosed by employees of the division in accordance with policies and procedures adopted by the Chief Court Administrator.

**Sec. 17a-683. (Formerly Sec. 19a-126c). Police assistance for intoxicated persons. Protective custody of person incapacitated by alcohol. Medical examination. Detention and release. Notification to family. Assistance for nonadmitted person.** (a) Any police officer finding a person who appears to be intoxicated in a public place and in need of help may, with such person's consent, assist such person to his home, a treatment facility, or a hospital or other facility able to accept such person.

(b) Any police officer finding a person who appears to be incapacitated by alcohol shall take him into protective custody and have him brought forthwith to a treatment facility which provides medical triage in accordance with regulations adopted pursuant to section 19a-495 or to a hospital. The police, in detaining the person and in having him brought forthwith to such a treatment facility or a hospital, shall be taking him into protective custody and shall make every reasonable effort to protect his health and safety. In taking the person into protective custody, the detaining officer may take reasonable steps to protect himself. A taking into protective custody under this section is not an arrest. No entry or other record shall be made to indicate that the person has been arrested or charged with a crime. For purposes of this section "medical triage" means a service which provides immediate assessment of symptoms of substance abuse, the immediate care and treatment of these symptoms as necessary, a determination of need for treatment, and assistance in attaining appropriate continued treatment.

(c) A person who is brought to a treatment facility which provides medical triage in accordance with regulations adopted pursuant to section 19a-495 or to a hospital shall be examined by a medical officer or his designee as soon as possible. The medical officer shall determine whether the person requires inpatient treatment based upon the medical examination of the person and upon a finding that the person is incapacitated by alcohol.

(d) If the medical officer determines that the person requires inpatient treatment, the person shall be (1) admitted to, referred to or detained at a treatment facility that provides medical treatment for detoxification or a hospital or (2) committed to a treatment facility operated by the Department of Public Health and Addiction Services for emergency treatment pursuant to the provisions of section 17a-684. A person treated under subdivision (1) of this subsection shall be admitted as a voluntary patient, or, if necessary, detained for necessary treatment. If such person is referred to another treatment facility or another hospital, the referring facility or hospital shall arrange for his transportation.

(e) Any person admitted or detained as a patient under subdivision (1) of subsection (d) of this section shall be released once he is no longer incapacitated by alcohol or within forty-eight hours, whichever is shorter, unless he consents to further medical evaluation or treatment.

(f) If a patient is admitted to a treatment facility or hospital, his family or next of kin shall, unless prohibited by federal law, be notified as promptly as possible. If a patient who is not incapacitated by alcohol requests that there be no notification, his request shall be respected.

(g) A person who is not admitted to a treatment facility or a hospital, is not referred to another treatment facility or hospital and has no funds may be taken to his home, if any. If he has no home, the facility shall assist him in obtaining shelter.

THE PLAINTIFF
PHILIP ZOPPI

By: _____
Philip Russell
Philip Russell, LLC
66 Field Point Road
Greenwich, CT 06830
Tel. (203) 661-4200
E-mail: attys@greenwichlegal.com
Federal # CT03127

## CERTIFICATION

I hereby certify that a copy of the foregoing was telefaxed to all counsel and parties of record on the date first above written:

Stephen R. Sarnoski, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Tel: (860) 808-5450
Fax: (860)808-5593
E-mail: stephen.sarnoski@po.state.ct.us

_____
Philip Russell

5